UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYSHAWN WILLIAMS,

Plaintiff,

-against-

OTISVILLE CORRECTIONAL FACILITY; EASTERN CORRECTIONAL FACILITY; HUDSON CORRECTIONAL FACILITY; COXSACKIE CORRECTIONAL FACILITY; GARNET HEALTH MEDICAL CENTER EMERGENCY DEPARTMENT,

Defendants.

26-CV-7259 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated September 2, 2026, the Court directed Plaintiff, within thirty days, to submit a completed request to proceed *in forma pauperis* ("IFP") and prisoner authorization or pay the fees required to file a civil action in this court. That order specified that failure to comply would result in dismissal of the complaint. Plaintiff has not filed an IFP application and prisoner authorization or paid the fees.

On October 2, 2026, the Court received a letter from Plaintiff with conflicting information. Plaintiff states that he "never wanted [to] make my case start" but also states that he "still put the $405.00 payment to file the paperwork . . . ." (ECF 5 at 1-2.) Because it is unclear if Plaintiff wishes to proceed with this action, the Court extends the deadline. Within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit the attached IFP application and prisoner authorization. If Plaintiff submits these documents, they should be labeled with docket number 26-CV-7259. (LTS). If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. See 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Plaintiff fails to comply pay the filing fees or submit an IFP application and prisoner authorization within 30 days, the action will be dismissed without prejudice to refiling.

Plaintiff indicates that he intended to bring separate actions for claims arising at different facilities.[1] If necessary, Plaintiff can use the amended prisoner civil rights complaint form to replead his claims, identifying who he is suing in this action, what the defendant(s) did or failed to do that violated his rights, and when, where, and how the events giving rise to his claims occurred. If Plaintiff files an amended complaint in this action, it should be labeled with docket number 26-CV-7259 (LTS).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: October 5, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

[1] Plaintiff filed a separate action with claims arising at Hudson Correctional Facility, in Columbia County, which is in the Northern District of New York. *See Williams v. Hudson Correctional Fac.*, No. 26-CV-7263 (LTS); 28 U.S.C. § 112(a). That action was transferred from this court to the United States District Court for the Northern District of New York, where it was opened under docket number 26-CV-1734 (N.D.N.Y.).